Jonathan R. Donnellan
Ravi V. Sitwala
THE HEARST CORPORATION
300 West 57th Street
New York, New York 10019-3792
(212) 649-2010 (ph.)
(212) 649-2035 (fax)
jdonnellan@hearst.com
rsitwala@hearst.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HEARST COMMUNICATIONS, INC.,

    Plaintiff,

v().   Civil Action No. 08-CV-5413 (AKH) (RLE)
**ECF CASE**

COSMO SENIOR BORROWER, LLC; and
3700 ASSOCIATES, LLC,

    Defendants.   Jury Trial Demanded

## COMPLAINT

Plaintiff Hearst Communications, Inc. ("HCI" or "Plaintiff"), states the following for its complaint against Defendant Cosmo Senior Borrower, LLC ("Cosmo Senior Borrower") and Defendant 3700 Associates, LLC ("3700 Associates," and with Cosmo Senior Borrower, "Defendants"):

## INTRODUCTION

1.    For over one-hundred years, HCI and its predecessors have used the COSMOPOLITAN mark, which in turn spawned a family of closely related COSMO marks that began to be registered over ten years ago and were in use long before that. Together and

separately those marks have been used and are being used in connection with a wide variety of goods and services that are associated with HCI by the public.

2. Seeking to trade off of this famous, long-established family of marks, Defendants recently began to develop and market a hotel, casino, and beach club under both the COSMOPOLITAN and COSMO names, and has stated its intention to use those marks in connection with goods and services that are the same as or related to the goods and services to which the public associates the marks with HCI.

3. Given the fame and distinctiveness of HCI's COSMOPOLITAN and COSMO family of marks, there is a high likelihood that the public will incorrectly associate Defendants' goods and services with HCI.

4. Accordingly, HCI brings this action at law and in equity for trademark and service mark infringement, unfair competition under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051-1127, federal and state dilution, codified at 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. § 360-1, the New York Deceptive Trade Practices Statute, N.Y. Gen. Bus. L. § 349, and the common law.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this action under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

6. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because these claims derive from the same nucleus of operative facts as do the Lanham Act claims.

7. Defendants are subject to the jurisdiction of this Court under New York's long-arm statute, CPLR §§ 301 and 302, based on its transaction of business within the State, its

2

solicitation of business in the State including through its website accessible in the State, and its unlawful acts that have caused injury within the State.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the injuries suffered as a result of the acts complained of are occurring in this District and the property harmed is in this District, and because, on information and belief, Defendants reside and do business in this District.

## THE PARTIES

9. Plaintiff Hearst Communications, Inc. is a Delaware corporation with a principal place of business at 300 West 57th Street, New York, New York 10019. HCI is a subsidiary of The Hearst Corporation, one of the world's largest diversified media companies. Among its other activities, HCI is a publisher of magazines and other printed materials and a provider of online content.

10. Defendant Cosmo Senior Borrower, LLC is a Delaware corporation with a principal place of business in Las Vegas, Nevada.

11. Defendant 3700 Associates is a Nevada corporation with a principal place of business in Las Vegas, Nevada.

## HCI's INTELLECTUAL PROPERTY

12. Beginning in 1886, HCI's predecessors-in-interest began using the COSMOPOLITAN mark in connection with a magazine. Each issue of *Cosmopolitan* magazine contains candid discussions of a variety of "lifestyle" issues, including discussions of fashion, travel, and other recreation-related topics. *Cosmopolitan* magazine currently is produced by HCI.

13. For the last 100 years, HCI and its predecessors have invested a substantial amount of time, effort, and money in promoting the internationally famous and well-known *Cosmopolitan* magazine. It is published in over 30 languages and sold in more than 100 countries, making it the largest monthly magazine franchise in the world. HCI's COSMOPOLITAN mark is the subject of Registration No. 630,028, issued on July 3, 1956, for a "magazine or periodical published monthly or at other intervals" in International Class 16. This registration is incontestable.

14. References to HCI's registered COSMOPOLITAN mark often are abbreviated by HCI and by the public to COSMO. In 1999, HCI began use of the COSMO GIRL mark in connection with a magazine for teens and younger women that also features articles on "lifestyle" subjects, including clothing and fashion. Like its sister magazine, *Cosmopolitan*, *Cosmo Girl* magazine has become famous and well-known. In 2000, it was named "Startup of the Year" by ADWEEK magazine and was named to ADVERTISING AGE's "A List," which designated it among the top three magazines of 2003. HCI's COSMO GIRL mark is the subject of Registration No. 2,527,954, issued January 8, 2002, for a "general interest magazine for girls and young women."

15. As part of the promotional activities for its *Cosmopolitan* magazine in particular, HCI has frequently partnered with other parties to offer travel getaways to its readers, including beach-front and other exotic locations. HCI has also has organized well-publicized "bikini shoots" at those locations.

16. The fame and distinctiveness of HCI's COSMO, COSMOPOLITAN, and COSMO GIRL marks, both individually and collectively, have allowed HCI and its predecessors to expand the marks' use to additional goods and services. Including the

registrations described above, HCI and its predecessors are the owners of dozens of other registered marks in the COSMO and COSMOPOLITAN family of marks including, for example:

| Mark | Goods & Services | Date of First Use/ Priority Date |
|---|---|---|
| COSMOPOLITAN Reg. No. 630,028 | Magazine or periodical published monthly or at other intervals | Mar. 1886 |
| COSMOPOLITAN Reg. No. 1,448,513 | Tote bags | Oct. 28, 1986 |
| COSMOPOLITAN Reg. No. 1,911,389 | Books of general interest | July 1, 1994 |
| COSMO QUIZ Reg. No. 2,969,534 | Section of a magazine featuring topics such as relationships | May 1997 |
| COSMOPOLITAN Reg. No. 2,196,616 | Multi-media compact discs featuring entertainment and educational information on beauty makeovers | Oct. 1, 1997 |
| COSMOPOLITAN Reg. No. 3,373,805 | Pre-recorded compact discs and audio cassettes featuring music | Jan. 1, 1999 |
| COSMO GIRL Reg. No. 2,527,954 | General interest magazine for girls and young women | Jan. 20, 1999 |
| COSMOGIRL! Reg. No. 2,976,367 | T-shirts | July 27, 1999 |
| COSMOGIRL! Reg. No. 2,813,979 | Posters | June 15, 2001 |
| COSMOGIRL! Reg. No. 2,963,497 | Bed throws, beach towels | June 15, 2001 |
| COSMOGIRL! Reg. No. 2,823,992 | Pencil pouches, assignment books, portfolios, binders, note books, photo albums, and kits consisting essentially of journals, tissues, sleep mask, and candle | Mar. 19, 2002 |
| COSMOPOLITAN.COM Reg. No. 3,265,446 | On-line retail store services featuring general merchandise in the fields of beauty and fashion, health and fitness, personal hygiene, stars and | May 29, 2003 |

| Mark | Goods & Services | Date of First Use/ Priority Date |
|---|---|---|
| | entertainment news, and life and work, rendered by means of a global computer network | |
| COSMOPOLITAN STYLE Reg. No. 3,197,099 | General interest magazines | Feb. 6, 2004 |
| COSMOPOLITAN Reg. No. 3,276,308 | Tote bags, handbags and wallets | Aug. 12, 2004 |
| COSMOPOLITAN Reg. No. 3,335,961 | Watches | Sep. 22, 2004 |

17. HCI is also the owner of the following use-based applications in the Patent and Trademark Office:

| Mark | Goods & Services | Date of First Use/ Priority Date |
|---|---|---|
| CLUB COSMO Serial No. 77/301,657 | Compact discs featuring music | Jan. 1, 1999 |
| COSMO Serial No. 77/137,373 | Publication of electronic magazine portions and publication of electronic magazine articles and illustrative materials in the fields of personal relationships, beauty and fashion, health and fitness, and personal hygiene | Nov. 30, 1996 |

18. Since prior to the conduct of Defendant described below, HCI also has used in its magazines and websites such unregistered titles and section headlines as COSMO QUIZ, COSMO FAQS, COSMO KAMA SUTRA, COSMO FASHION, CONNECT WITH COSMO, BE IN COSMO, FREE STUFF FROM COSMO, COSMO EXCLUSIVES, COSMO FOR YOUR GUY, GET COSMO HEADLINES, MAKE COSMO YOUR HOMEPAGE, TELL COSMO ABOUT YOUR HAIR!, HELP COSMO CHOOSE ITS COVERLINES, MAKE A GREAT RECIPE FROM COSMO RADIO, SPORTING A

6

STYLE YOU FOUND IN COSMO?, ADD COSMO TO YOUR MYSPACE, GET COSMO UPDATES, COSMO MOBILE, COSMO RADIO, FREE STUFF FROM COSMO, COSMO PROMO HOT SPOT, COSMO MEDIA KIT, and EVERYTHING COSMO in connection with its publications. Consistent with the widespread popularity of HCI's magazines and websites, use and public recognition of these marks as brands of HCI extended throughout the United States prior to the conduct of Defendant described below.

19. Taken together, HCI's marks based on the elements COSMOPOLITAN and COSMO constitute a family of marks. Beginning over a hundred years ago, HCI and its predecessors have expended considerable sums of money into developing consumer brand recognition for its family of COSMO and COSMOPOLITAN marks.

20. As a result of widespread advertising and promotion by HCI and its predecessors, the marks making up HCI's family of COSMOPOLITAN and COSMO marks acquired a high degree of recognition, fame, and distinctiveness as symbols of the high quality products and services offered by HCI prior to the filing date of Defendant 3700 Associates' applications. The public and trade are familiar with and identify HCI's marks with HCI and, by reason of this identification, goods and services associated with the marks are understood by the public and trade to be produced, marketed, and supplied under HCI's authority, or otherwise derived from HCI.

21. The marks making up HCI's family of COSMOPOLITAN and COSMO marks are important factors employed by the public in identifying the source of HCI's products and services and are distinctive of those products and services. As a result of their fame and notoriety, HCI's marks are entitled to a broad scope of protection.

## DEFENDANTS' UNLAWFUL CONDUCT

22. Beginning in September of 2004, Defendant 3700 Associates has either secured or filed the following registrations of, or applications to register, the following marks in the United States Patent and Trademark Office:

| Mark | Goods & Services | Date of First Use/ Priority Date |
|---|---|---|
| THE COSMOPOLITAN BEACH CLUB Serial No. 78/946,737 | Retail store services featuring a wide variety of consumer goods of others | Aug. 7, 2006 |
| COSMO BEACH CLUB Serial No. 78/946,717 | Retail store services featuring a wide variety of consumer goods of others | Aug. 7, 2006 |
| COSMO BEACH CLUB Serial No. 78/946,711 | Vacation real estate time sharing; rental and sale of condominium dwellings | Aug. 7, 2006 |
| THE COSMOPOLITAN RESORT & CASINO Serial No. 78/946,763 | Clothing, namely, shirts, t-shirts, pants, socks, dresses and sweatshirts; headgear, namely, hats and caps; shoes | Aug. 7, 2006 |
| THE COSMOPOLITAN BEACH CLUB Serial No. 78/946,721 | Clothing, namely, shirts, t-shirts, pants, socks, dresses and sweatshirts; headgear, namely, hats and caps; shoes | Aug. 7, 2006 |
| COSMO BEACH CLUB Serial No. 78/946,698 | Clothing, namely, shirts, t-shirts, pants, socks, dresses and sweatshirts; headgear, namely, hats and caps; shoes | Aug. 7, 2006 |
| THE COSMOPOLITAN RESORT & CASINO Serial No. 78/946,799 | Restaurant and bar services | Aug. 7, 2006 |
| THE COSMOPOLITAN BEACH CLUB Serial No. 78/946,744 | Resort hotels; providing temporary housing accommodations in condominiums; restaurant and bar services | Aug. 7, 2006 |
| THE COSMOPOLITAN BEACH CLUB Serial No. 78/946,740 | Casinos; recreational services in the nature of swimming pool services | Aug. 7, 2006 |

| Mark | Goods & Services | Date of First Use/ Priority Date |
|---|---|---|
| THE COSMOPOLITAN BEACH CLUB  Serial No. 78/946,726 | Vacation real estate time sharing; rental and sale of condominium dwellings | Aug. 6, 2007 |
| THE SHOPS AT THE COSMOPOLITAN  Serial No. 78/612,270 | Retail drug store services; retail store services featuring a wide variety of consumer goods of others | Apr. 19, 2005 |
| COSMO BEACH CLUB  Serial No. 78/612,264 | Recreational services in the nature of swimming pool services; restaurant and bar services | Apr. 19, 2005 |
| THE COSMOPOLITAN RESORT CASINO (stylized)  Serial No. 78/522,288 | Vacation real estate time-share services; rental of condominiums | Nov. 23, 2004 |
| THE COSMOPOLITAN RESORT CASINO (stylized)  Reg. No. 3337476 | Real estate services featuring condominiums | Nov. 23, 2004 |
| THE COSMOPOLITAN RESORT & CASINO  Serial No. 78/522,287 | Vacation real estate time-share services; rental of condominiums and real estate services featuring condominiums; casino services; resort hotels; providing temporary housing accommodations in condominiums | Nov. 23, 2004 |
| THE COSMOPOLITAN RESORT & CASINO  Reg. No. 3337479 | Real estate services featuring condominiums | Nov. 23, 2004 |
| COSMOPOLITAN CLUB  Serial No. 78/484,450 | Vacation real estate time sharing, and rental and sale of condominium dwellings; casino services; resort hotels; providing temporary housing accommodations in condominiums | Sept. 15, 2004 |

9

| Mark | Goods & Services | Date of First Use/ Priority Date |
|---|---|---|
| THE COSMOPOLITAN<br>Serial No. 78/487,340 | Vacation real estate time-share services; rental of condominiums and real estate services featuring condominiums; casino services; resort hotels; providing temporary housing accommodations in condominiums | Sept. 21, 2004 |
| THE COSMOPOLITAN CLUB<br>Serial No. 78/484,448 | Vacation real estate time-share services; rental of condominiums and real estate services featuring condominiums; casino services; resort hotels; providing temporary housing accommodations in condominiums | Sept. 15, 2004 |
| THE RESIDENCES AT THE COSMOPOLITAN CLUB<br>Serial No. 76/615,479 | Vacation real estate time-share services; rental of condominiums and real estate services featuring condominiums; casino services; resort hotels; providing temporary housing accommodations in condominiums | Oct. 6, 2004 |
| THE COSMOPOLITAN CASINO<br>Serial No. 76/615,662 | Casino services | Oct. 6, 2004 |
| THE COSMOPOLITAN SHOPS<br>Serial No. 76/615,477 | Retail store services featuring clothing and clothing accessories, headgear, foot wear, fabrics, yarns and threads, dressmaker's articles, sports goods and equipment, games and toys, gambling accessories, general merchandise, souvenirs, novelty items, gift items, jewelry, stationery and paper | Oct. 6, 2004 |

| Mark | Goods & Services | Date of First Use/ Priority Date |
|---|---|---|
| | products, books, computers and computer accessories and parts, computer peripherals, telecommunication devices, electronics and electronic devices, videos, apparatus for the recording, transmission, amplification and reproduction of sound and images, musical instruments, fragrances, personal care and pharmaceutical products, cosmetics, furniture, floor coverings, wall hangings, housewares and glass, art, food, beverages, plants and agricultural product, and smoker's articles; retail store services featuring a wide variety of consumer goods of others | |
| THE RESIDENCES AT THE COSMOPOLITAN CLUB AND CASINO Serial No. 76/615,476 | Vacation real estate time-share services; rental of condominiums and real estate services featuring condominiums; casino services; resort hotels; providing temporary housing accommodations in condominiums | Oct. 6, 2004 |
| THE COSMOPOLITAN CLUB AND CASINO Serial No. 76/615,380 | Vacation real estate time-share services; rental of condominiums and real estate services featuring condominiums; casino services; resort hotels; providing temporary housing accommodations in condominiums | Oct. 6, 2004 |

23. Defendants promote their goods and services through a website accessible at the www.cosmolv.com domain, on which many if not all of the above-referenced marks are displayed.

24. According to Defendant 3700 Associates, "[s]ince at least as early as February 2005, [it] has continuously used its COSMOPOLITAN mark (including the COSMOPOLITAN word mark and COSMOPOLITAN logo marks) in advertising and marketing materials to promote its goods and services." Complaint, *3700 Associates, LLC v. Softech Ltd.*, Case No. 07-cv-1600 (D. Nev. Nov. 30, 2007).

25. On information and belief, Defendants were aware of the existence and use of Plaintiff's marks prior to Defendants' registration of, intention to use, and use of the aforementioned marks.

26. The words COSMOPOLITAN and COSMO in the marks that Defendants have used and Defendant 3700 Associates seeks to register are identical in sound, meaning, and commercial impression to the salient elements of the marks making up HCI's family of COSMOPOLITAN and COSMO marks and will be used for goods and services that are the same as or related to the goods and services for which HCI uses its family of COSMOPOLITAN and COSMO marks.

27. When taken as a whole, Defendants' marks are substantially similar in sound, meaning, and commercial impression to the salient elements of the marks making up HCI's family of COSMOPOLITAN and COSMO marks and will be used for goods and services that are either directly competitive with, or related to, the goods and services for which HCI uses its family of COSMOPOLITAN and COSMO marks.

28. Based on the similarities of the marks and the goods and services, the relevant public is likely to be confused into believing that Defendants' goods and services emanate from HCI, or are authorized, licensed, endorsed, affiliated with, or sponsored by HCI.

## COUNT I

## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

29. HCI repeats and realleges paragraphs 1-28 as if fully set forth here.

30. Defendants' unauthorized registration of, use of, and intended use of confusingly similar imitations of HCI's registered marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services have the endorsement or approval of HCI, in violation of 15 U.S.C. § 1114.

31. Defendants' unauthorized registration of, use of, and intended use of confusingly similar imitations of HCI's registered marks, notwithstanding its actual notice and knowledge of HCI's ownership of the marks, demonstrates an intentional, willful, and bad faith intent to trade on the good will of HCI's registered marks and to cause confusion, deception, and mistake in the minds of customers and potential customers to the great and irreparable injury of HCI. Defendants have been unjustly enriched by this conduct.

32. Defendants' infringing conduct is causing and is likely to cause substantial injury to the public and to HCI, and HCI is entitled to injunctive relief, and to recover Defendants' trebled profits, HCI's costs, and HCI's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117. HCI has no adequate remedy at law for remedying Defendants' conduct.

## COUNT II

### FEDERAL UNFAIR COMPETITION

33. HCI repeats and realleges paragraphs 1-28 as if fully set forth here. Defendants' unauthorized registration of, use of, and intended use of confusingly similar imitations of HCI's registered and unregistered marks are causing and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' business has the sponsorship, endorsement, or approval of HCI, all in violation of 15 U.S.C. § 1125(a).

34. Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on HCI's goodwill and to cause confusion, deception, and mistake in the minds of HCI's customers and potential customers by implying a nonexistent sponsorship of Defendants' goods and services by HCI to the great and irreparable injury of HCI.

35. Defendants' unfair competition is causing and is likely to cause substantial injury to the public and to HCI, and HCI is entitled to injunctive relief, and to recover Defendants' trebled profits, HCI's costs, and HCI's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117. HCI has no adequate remedy at law for remedying Defendants' conduct.

## COUNT III

### FEDERAL AND STATE DILUTION

36. HCI repeats and realleges paragraphs 1-28 as if fully set forth here.

37. HCI's COSMOPOLITAN, COSMO, and COSMO GIRL marks are distinctive under N.Y. Gen. Bus. L. § 360-1 and are famous and widely recognized by the general consuming public of the United States as a designation of source of Hearst's goods or

services under 15 U.S.C. § 1125(c). Well after these marks became distinctive and famous, Defendants began using its COSMOPOLITAN, COSMO-based, and COSMOPOLITAN-based marks in commerce in ways that have actually diluted and are likely to dilute the fame and distinctiveness of HCI's COSMOPOLITAN, COSMO, and COSMO GIRL marks as designations of the source of HCI's goods and services.

38.  Defendants' conduct violates both N.Y. Gen. Bus. § 360-1 and 15 U.S.C. § 1125(c), and HCI has no adequate remedy at law. HCI is entitled to injunctive relief, and to recover HCI's costs, and HCI's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117. HCI has no adequate remedy at law for remedying Defendants' conduct.

## COUNT IV

## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

39.  HCI repeats and realleges paragraphs 1-28 as if fully set forth here.

40.  Defendants have used or intend to use confusingly similar imitations of HCI's registered and unregistered marks with full knowledge of HCI's rights to those marks and with the willful and calculated purpose of trading upon HCI's established goodwill and business reputation in a manner calculated to imply false sponsorship of or approval by HCI, for the purpose of misleading and deceiving the trade and the public.

41.  Defendants' conduct constitutes infringement of HCI's common law rights to the marks making up HCI's family of COSMOPOLITAN and COSMO marks and has damaged and will continue to damage irreparably HCI's goodwill and reputation unless restrained by this Court. Independent of its liability for common law infringement, Defendants have also engaged in unfair competition under the common law through its

attempted reliance on mistakes and confusion and its deliberate efforts to poach upon HCI's goodwill. HCI has no adequate remedy at law for remedying Defendants' conduct.

## COUNT V

## COMMON LAW MISAPPROPRIATION

42. HCI repeats and realleges paragraphs 1-28 as if fully set forth here.

43. Based on HCI's longstanding use and promotion of the marks making up its COSMO and COSMOPOLITAN family of marks, the marks have become renown in New York and throughout the world and possess goodwill constituting property and a commercial advantage in New York and throughout the world. Without authorization of HCI, Defendants have taken and used, or intend to take and use, HCI's property and commercial advantage to compete against HCI. Independent of its liability for common law infringement and unfair competition, Defendants have also engaged in misappropriation under the common law. HCI has no adequate remedy at law for remedying Defendants' conduct.

## COUNT VI

## DECEPTIVE TRADE PRACTICES

44. HCI repeats and realleges paragraphs 1-28 as if fully set forth here.

45. The trade and the public are likely to be damaged as a result of Defendants' conduct and, by reason of that conduct, Defendants have engaged and is engaging in deceptive trade practices or acts in the conduct of a business, trade or commerce, or in the furnishing of services, in violation of N.Y. Gen. Bus. L. § 349.

## RELIEF DEMANDED

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A.  Preliminarily and permanently enjoining and restraining Defendants, their respective officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

(1) using or applying to register the marks THE COSMOPOLITAN, THE COSMOPOLITAN BEACH CLUB, COSMO BEACH CLUB, THE COSMOPOLITAN RESORT & CASINO, THE SHOPS AT THE COSMOPOLITAN, COSMOPOLITAN CLUB, THE RESIDENCES AT THE COSMOPOLITAN CLUB AND CASINO, THE COSMOPOLITAN CASINO, and THE COSMOPOLITAN SHOPS (collectively, Defendants' Marks);

(2) using any name or mark that is a copy, reproduction, colorable imitation, or simulation of or, confusingly similar to, the trademarks and service marks of HCI ("Plaintiff's Marks"), or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' goods and services are goods and services of HCI, or are sponsored by or in any way related to HCI;

(3) passing off, palming off, or assisting in passing off or palming off, Defendants' goods and services as those of HCI, or otherwise continuing any and all acts of unfair competition; and

(4) effecting assignments or transfers, forming new entities or associations or utilizing any other device that circumvents or otherwise avoids the prohibitions set forth above.

B.  Declaring that:

17

    (1)    Plaintiff's Marks have been and are being infringed under federal and state law and the common law by Defendants' registration of, intent to use, and use of Defendant's Marks;

    (2)    Plaintiff's Marks have been and are being diluted under federal and state law by Defendants' registration of, intent to use, and use of Defendants' Marks;

    (3)    Defendants' registration of, intent to use, and use of Defendants' Marks constitutes unfair competition with Plaintiff under federal and state law and the common law;

    (4)    Defendants' registration of, intent to use, and use of Defendants' Marks constitutes misappropriation under the common law; and

    (5)    Defendants' registration of, intent to use, and use of Defendants' Marks constitutes deceptive trade practice under state law.

C.    Ordering the U.S. Patent and Trademark Office to deny registration to, or cancel the registration of, Defendants' Marks and any other marks or applications owned by Defendants that adopt, infringe, or dilute any of HCI's marks or that otherwise unfairly compete with HCI and its goods and services.

D.    Directing that Defendants deliver for impoundment all advertising, promotional material or the like in possession, custody, or under the control of Defendants that are found to adopt, infringe, or dilute any of HCI's marks or that otherwise unfairly compete with HCI and its goods and services.

E.    Directing that Defendants transfer to HCI the www.cosmolv.com domain name.

F.  Ordering an accounting of and entering judgment against Defendants for:

    (1) any and all profits derived by it through Defendants' acts of trademark and service mark infringement, unfair competition, dilution and injury to business reputation, deceptive trade practices, misappropriation, and fraudulent misrepresentation; and

    (2) all damages suffered by Plaintiff as a result of Defendants' unlawful conduct.

G.  Awarding Plaintiff punitive damages of not less than $500,000 for unfair competition under state law.

H.  Awarding Plaintiff its costs in this action, including reasonable attorneys' fees and investigative fees.

I.  Directing that the Court retains jurisdiction over this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment or any violations thereof.

J.  Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 16, 2008

Respectfully submitted,

*/s/ Jonathan R. Donnellan*

Jonathan R. Donnellan
Ravi V. Sitwala
THE HEARST CORPORATION
300 West 57th Street
New York, New York 10019-3792
(212) 649-2010 (ph.)
(212) 649-2035 (fax)
jdonnellan@hearst.com
rsitwala@hearst.com

Attorneys for Plaintiff

OF COUNSEL:

Theodore H. Davis Jr.
Olivia Maria Baratta
Lauren T. Estrin
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500 (ph.)
(404) 815-6555 (fax)